**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Petitioner,<br><br>vs.<br><br>Alis K. Harper; Brent R. Harper; and Brent Harper, Inc.,<br><br>    Respondents.<br>_____<br>United States of America,<br><br>    Petitioner,<br><br>vs.<br><br>Alis K. Harper; and Brent R. Harper,<br><br>    Respondents.<br>_____ | No. CV 09-0703-PHX-JAT (Lead)<br>No. MC 09-00035-PHX-JAT (Cons.)<br><br>**ORDER** |

Pending before this Court is petitioner United States of America's Motion to Transfer (Doc. # 3), which this Court is treating as a motion to transfer and consolidate. Petitioner seeks to transfer the following case: United States v. Alis K. Harper and Brent R. Harper, MC 09-00035-PHX-DGC.

Under LRCiv 42.1(a)(1), transfer is permissible

> [w]henever two or more cases are pending before different Judges and any party believes that such cases (A) arise from substantially the same transaction or event; (B) involve substantially the same parties or property; (C) involve the same patent, trademark, or copyright; (D) calls for determination

of substantially the same questions of law; or (E) for any other reason would entail substantial duplication of labor if heard by different Judges, any party may file a motion to transfer the case or cases involved to a single Judge.

The standard for transfer under LRCiv 42.1 is similar to the standard for consolidation under Rule 42(a), and this Court has broad discretion in determining whether to grant such motions. *Pangerl v. Ehrlich*, 2007 WL 686703 (D. Ariz. 2007) (citing *Investors Research Co.*, 877 F.2d at 777).

Based upon the above standards, the Court finds that transfer and consolidation are appropriate. The present action and MC 09-00035-PHX-DGC involve common questions of law and fact. Transferring the two actions is substantially more efficient than litigating the claims in two separate courts. Transfer would have the effect of conserving time and effort, and it would avoid causing the parties to incur unnecessary expenses in trying two separate lawsuits. In addition, it would remove the need for duplication of labor that would otherwise result from having separate judges hear the cases individually. Lastly, transfer avoids the potential of inconsistent outcomes.

Accordingly,

**IT IS ORDERED** granting Petitioner's Motion to Transfer MC 09-00035-PHX-DGC (Doc. # 3).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer MC 09-00035-PHX-DGC to this Court and consolidate it with CV09-0703-PHX-JAT. All future filings shall bear case number CV09-0703-PHX-JAT as the lead case and be submitted in substantially the same format as the caption of this order. All future filings related to these cases shall be filed in CV09-0703-PHX-JAT only.

DATED this 21st day of April, 2009.

James A. Teilborg
United States District Judge